**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **D.V. EL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-1336** |
| **STATE OF LOUISIANA, ET AL.** | **SECTION "E"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I.    Factual and Procedural Background

Plaintiff D.V. El (a/k/a Dexter Lewis Vasser El)[1] ("El") was an inmate housed in the Louisiana State Penitentiary ("LSP") when he submitted this *pro se* complaint construed to be brought under 42 U.S.C. § 1983 and challenging his current confinement. ECF No. 1 (Deficient Complaint). El did not pay the filing fee or submit an application to proceed *in forma pauperis*.

On May 19, 2022, the Clerk of Court sent El a notice of these deficiencies which required that he complete the form § 1983 complaint and either pay the filing fee or submit a certified pauper application within twenty-one (21) days of the date of the notice. ECF No. 2. The envelope containing the notice has not been returned as undeliverable, and El has not responded.

On July 15, 2022, the undersigned Magistrate Judge issued a Show Cause Order for El to show cause in writing by August 15, 2022, why his complaint should not be dismissed for his

---

[1] This is the full name connected with the prisoner number provided by plaintiff.

failure to prosecute in failing to correct the deficiencies. The envelope containing the Show Cause Order has not been returned as undeliverable, and El has not responded to it.

## II.    <u>Standard of Review under Fed. R. Civ. P. 41(b)</u>

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. A Rule 41(b) dismissal is considered an adjudication on the merits. Fed. R. Civ. P. 41(b). In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See, e.g.*, *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976).

In this case, plaintiff is without counsel and is responsible for the prosecution of his case. A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Information Solutions Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance." *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988) (quotation omitted); *Birl*, 660 F.2d at 593.

Furthermore, all litigants are obligated to keep the court advised of any address change. *See* EDLA Local Rules 11.1 and 41.3.1. "[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for

dismissal for failure to prosecute." *Lewis v. Hardy*, 248 F. App'x 589, 2007 WL 2809969, at *4 n.1 (5th Cir. 2007).

### III.   Analysis

As noted above, El has not corrected his form complaint, paid the filing fee, or filed a request for leave to proceed *in forma pauperis*. He has left this case filing incomplete and has not contacted the clerk or the Court about this case. His failure to do so has impeded the Court's ability to move forward with this case. For these reasons, El's § 1983 complaint should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for his failure to prosecute.

### IV.   Recommendation

It is therefore **RECOMMENDED** that D.V. El's § 1983 complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[2]

New Orleans, Louisiana, this 21st day of September, 2022.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[2]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.